[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12771
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-00170-TFM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY BLYTHE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 13, 2019)

Before MARCUS, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Rodney Blythe appeals the sentence of 11 months' imprisonment imposed

following revocation of his supervised release.  Blythe argues that his sentence is substantively and procedurally unreasonable.   We disagree and affirm.

## I.

In 1992, Blythe was sentenced to life in prison without the opportunity for parole followed by five years' supervised release for conspiring to distribute crack cocaine and knowingly distributing crack cocaine.  After receiving sentence reductions under 18 U.S.C. § 3582(c)(2) and an amendment to the Sentencing Guidelines, Blythe was released from prison in November 2017 and began his five-year term of supervised release in March 2018.  Several months later, he was arrested for drunk driving in Alabama after he ran his car off the road and took a chemical breath test that revealed a blood alcohol level of .13.  He entered a guilty plea to an Alabama misdemeanor charge of driving under the influence of alcohol and was sentenced to pay a fine and attend a DUI treatment program.

Blythe's probation officer filed a petition for a summons, alleging that Blythe had violated the terms of his supervised release by committing a crime. Blythe waived his right to a revocation hearing, admitted all relevant allegations in the petition, and appeared for sentencing on July 11, 2019.  He requested that the district court impose a sentence concurrent with his state sentence, with no time in prison.  The government recommended that Blythe be sentenced to alcohol

treatment with no jail time, which was the sentence that it had agreed to recommend in exchange for Blythe's waiver of a revocation hearing.

Based on Blythe's prior conviction for DUI in 1992 and his apparent ability to function with a blood alcohol level of .13 without passing out, the district court found that Blythe was an "accomplished drinker" who had a "longstanding problem" with alcohol that he had not addressed, and that Blythe apparently did not see driving under the influence as "that big of a deal."  The court imposed a Guidelines sentence of 11 months' imprisonment, followed by an additional 48 months' supervised release.  The court explained that a sentence without prison time was not appropriate for someone who was under court supervision and put innocent people at risk by choosing to drink and drive.  Responding to Blythe's objections, the court stated that generally, a reasonable sentence for a person who drove under the influence while on supervised release started in the range of 12 months or more.  The court ultimately decided not to vary upward from the Guidelines range of 5–11 months, finding that a sentence of 11 months' imprisonment was reasonable under all the circumstances.

On appeal, Blythe argues that his sentence was procedurally unreasonable because the district court relied on a clearly erroneous factual finding—that Blythe had an alcohol problem—and applied an incorrect legal standard by using a 12-month sentence as a starting point rather than beginning with the Guidelines range.

3

He also argues that his sentence was substantively unreasonable because the district court inappropriately weighed the sentencing factors in 18 U.S.C. § 3553(a). We consider each argument in turn.

## II.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). "Our review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A sentence may be procedurally unreasonable if the district court miscalculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the sentencing factors in § 3553(a), based the sentence on clearly erroneous facts, or failed to provide sufficient explanation for the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Blythe argues that the district court's finding that he had a "longstanding problem" with alcohol was clearly erroneous. For a factual finding to be clearly erroneous, we "must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (citation omitted). The district court based its finding on the fact that Blythe had two DUI convictions, one from shortly before he went to federal prison, and one from shortly after he was released. Contrary to Blythe's assertions, the

4

fact that he was in federal prison for most of the time between those offenses weighs in favor of the district court's finding that he had a longstanding unresolved alcohol problem, not against. It is reasonable to conclude that a defendant who is convicted of DUI and then apparently drives drunk again at the first opportunity has an alcohol problem. And the district court's statement that someone with two DUI convictions probably has driven drunk more than twice was a reasonable inference "based on common sense and ordinary human experience." *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (per curiam). The district court's finding that Blythe had a problem with alcohol was not clearly erroneous, and to the extent that its sentencing decision was based on that finding, it was not procedurally unreasonable.

### B.

Blythe also argues that the district court failed to use the Sentencing Guidelines range as the "starting point and the initial benchmark" in determining his sentence. *Gall*, 552 U.S. at 49. The sentencing transcript shows otherwise. Before imposing sentence, the district court specifically stated that it had considered the relevant Sentencing Guidelines provisions and found "them to be appropriate in this matter." It then imposed a sentence at the high end of the Guidelines range of 5–11 months. The court's statement that a reasonable sentence for a defendant who drives drunk while on supervised release is "probably within

the 12-month or more range, depending on the facts or circumstances of the case" was made after the court imposed sentence, in response to Blythe's objections. The court further explained that it had decided that an upward variance from the Guidelines range was not appropriate under the particular circumstances of Blythe's case. It is evident, therefore, that the district court first correctly calculated and considered the Guidelines range and then made "an individualized assessment based on the facts presented." *Id*. We find no procedural error in the district court's consideration and application of the advisory Guidelines.

### III.

Blythe also argues that his 11-month sentence is substantively unreasonable. We examine the substantive reasonableness of a sentence by considering the "totality of the circumstances" and whether the sentence achieves the purposes outlined in 18 U.S.C. § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). Upon the revocation of supervised release, the district court must consider the following § 3553(a) sentencing factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need to deter criminal conduct, protect the public, and provide the defendant with needed education, training, or treatment; (3) the applicable Sentencing Guidelines, including the Guidelines range and associated policy statements; (4) avoiding unwarranted sentencing disparities; and (5) restitution to

the victims of the offense, if any.  18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *see* 18 U.S.C. § 3583(e).

 "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation and quotation marks omitted).

## A.

Blythe argues that the district court improperly relied on the fact that he received the benefit of various statutory changes and Guidelines amendments, which reduced his life sentence to 324 months.  He implies that the district court must have disagreed with the policy reasons for the changes in the law.  Again, this contention is contrary to the record.

The district court pointed out that Blythe had originally been sentenced to life in prison, and that his sentence had been reduced "for whatever reason."  The court went on to tell Blythe that he "should have learned from that process how important it is to abide by the law, and particularly to abide by the conditions of your release that you not violate the law."  Viewed in context, these comments have nothing to do with the reasons that Blythe's life sentence was reduced.

Instead, the district court appropriately considered Blythe's history and characteristics, as well as the fact that even a substantial sentence of imprisonment—and a narrow escape from a lifetime in prison—apparently had not deterred Blythe from violating the law by drinking and driving. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B).

B.

Blythe also argues that the district court committed a clear error of judgment in weighing the § 3553(a) factors because it gave insufficient weight to his employment and lack of other supervised release violations and the recommendations of the probation officer and the government that he receive no prison time. But as we have said before, "it is within the district court's discretion to decide how much weight to give each § 3553(a) factor." *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (per curiam). The district court considered multiple aspects of Blythe's "history and characteristics," including that he had maintained employment and had not otherwise violated the conditions of his supervised release—and that this was Blythe's second DUI offense, committed less than a year after his release from serving 25 years in prison. The district court also considered the parties' sentencing recommendations but disagreed with them, noting that while a sentence of probation might be appropriate for a first-time DUI offender who was not on supervised release, Blythe's circumstances were

8

different.  The court emphasized that Blythe had chosen to drive while significantly impaired, putting innocent people at risk and disregarding the condition of release that he commit no additional crimes.  This analysis is consistent with the Guidelines policy statement that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b).

The bottom line is that, after considering the § 3553(a) sentencing factors, the district court determined that Blythe's positive conduct since his release did not justify a downward variance from the Guidelines range, and that a high-end Guidelines sentence was appropriate under all the circumstances.  The resulting sentence, which is well below the statutory maximum sentence of five years, is within the "range of reasonable sentences from which the district court may choose."  *Williams*, 526 F.3d at 1322; *see* 18 U.S.C. § 3583(e)(3); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  "We ordinarily expect a sentence within the Guidelines range to be reasonable," and that is the case here.  *Gonzalez*, 550 F.3d at 1324.   Accordingly, we affirm.

**AFFIRMED.**

9